# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 9, 2012

144239 & (93)

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,

v

VAUGHN MITCHELL,
        Defendant-Appellee.
_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 144239
COA: 293284
Wayne CC: 08-013700-FC

On October 11, 2012, the Court heard oral argument on the application for leave to appeal the October 25, 2011 judgment of the Court of Appeals. On order of the Court, the motion to expand the record is GRANTED. The application for leave to appeal the October 25, 2011 judgment of the Court of Appeals is again considered. MCR 7.302(H)(1). In lieu of granting leave to appeal, we REVERSE Part II and Part III B of the Court of Appeals opinion. The trial court did not err in denying defendant's motion to suppress his confession. "[U]nlike in [*Missouri v Seibert,* 542 US 600 (2004)], there is no concern here that police gave [defendant] *Miranda* warnings and then led him to repeat an earlier murder confession, because there was no earlier confession to repeat." *Bobby v Dixon,* 132 S Ct 26, 31 (2011). In addition, "*Miranda* does not require that attorneys be producible on call, but only that the suspect be informed, as here, that he has the right to an attorney before and during questioning, and that an attorney would be appointed for him if he could not afford one." *Duckworth v Eagan,* 492 US 195, 198 (1989). Finally, an evidentiary hearing regarding Sergeant Firchau's testimony is unnecessary because: (a) as the Court of Appeals recognized, breaks in the chain of custody go to the weight of the evidence, not to its admissibility; (b) the documentary evidence sufficiently establishes that Sergeant Firchau did retrieve the bullets from the medical examiner; and (c) admission of Sergeant Firchau's testimony at defendant's father's second trial that he was not at the autopsy would not make a different result probable on retrial. Given the eyewitness testimony and defendant's confession, there is no doubt that a second jury would find defendant guilty. The Court of Appeals having retained jurisdiction, we REMAND this case to that court for further proceedings not inconsistent with this order.

CAVANAGH, MARILYN KELLY, and HATHAWAY, JJ., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 9, 2012

_____
Clerk

t1106